UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WAYNETTE ELIZABTH DAVIS,

Plaintiff,

v.

Case No. 26-cv-2137-bhl

ROGERS BEHAVIORAL HEALTH,

Defendant.

**ORDER DENYING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

On November 17, 2026, Petitioner Waynette Elizabeth Davis, proceeding without an attorney, filed an employment discrimination complaint against Defendant Rogers Behavioral Health. (ECF No. 1.) That same day, she also filed a motion for leave to proceed without prepaying the filing fee or *in forma pauperis* (IFP) utilizing the Court's local form. (ECF No. 3.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2).

According to her petition, Davis is employed, is not married, and has no dependents. (ECF No. 3 at 1). Davis receives $3,347 in monthly income, $2497 from Social Security Disability Insurance and $850 from a job at Guardian Outreach Ministries, Inc. (*Id.* at 2.) She states that she has total monthly expenses of $3,779 which consists of $2,291 in mortgage payments, a $581.50 credit card payment, $670 of "other" household expenses, $187 for "American Home Shield," and $49.49 for car insurance. (*Id.* at 2–3.) She owns two vehicles, which she values at $1,000 and $8,000 respectively, and real estate valued at $900,000 in which she has $625,000 in equity. (*Id.* at 3) She alleges she will have no cash, checking, or savings available "after Nov[ember] bills." (*Id.*). She also has $3,376 combined in an IRA and 401k. (*Id.* 4.) She notes that she only works a few hours per week, her vehicles are not presently in working order, that her "homes" are in forbearance due to a change in income, and that her credit and current income prevent her from

accessing her home equity. (*Id.*) She further states that her Washington home has a major roof leak that she is in the process of repairing. (*Id.*). Davis lists her credit card as an expense but does not mention her total credit card debt or available credit. (*Id.* at 2).

Based on Davis' representations, which include a signed declaration under penalty of perjury, she does not qualify to proceed IFP. Although Davis's monthly expenses presently exceed her income by $432, she maintains a reliable (if modest) income between her part-time employment and disability benefits. Moreover, she has substantial assets, including two vehicles, an IRA and 401k, and home equity. Indeed, Davis owns more than one home. While she attempts to minimize her real estate holdings, stating that her "homes" are in forbearance and her Washington home is undergoing roof repairs, the fact that she owns such assets and retains substantial equity undercuts any claim that she is unable to pay the modest filing fee required for maintaining a federal lawsuit. Based on her own submissions, she has $625,000 of home equity in real estate valued at $900,000.

Courts almost uniformly deny IFP status to plaintiffs with considerable home equity, and there are zero apparent examples of any court granting IFP status to a plaintiff with over $600,000 in home equity. *Cf. Patrzalek v. United Arab Emirates*, No. CIV-24-1180-SLP, 2024 WL 5134374, at *1 (W.D. Okla. Nov. 22, 2024) (denying IFP where unemployed petitioner had $215,000 in home equity) (collecting cases). Beyond the sheer volume of home equity, courts generally do not grant IFP status where a plaintiff with meaningful home equity has even a small amount of regular employment income. *Id.* Rarely, courts will allow a party to proceed IFP if they demonstrate they cannot obtain a home equity loan. *See Vacha v. City of Oak Forest*, No. 97 C 4621, 1997 WL 458708, at *1 (N.D. Ill. Aug. 7, 1997) (granting IFP status where "unemployable" plaintiff had substantial personal debt and could not obtain a home equity loan on $10,000 of home equity). Given her available resources, Davis is not entitled to proceed IFP. While Davis says that her current income and FICO score prevent her from accessing her home equity, she is currently employed, has meaningful social security assistance, two vehicles, and IRA and 401k accounts.

While a plaintiff need not show that she is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 992–93 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651

(7th Cir. 1972). The total cost of filing a civil action is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. Based on Davis's representations, it appears she can pay the filing fee. This is a small cost for invoking the workings of the federal judiciary and a basic price of hailing a defendant into court.

As a result, the Court will deny Davis's request to waive prepayment of the filing fee. If Davis wishes to continue her lawsuit, she must pay the court filing fee of $405.00 **within 60 days, on or before January 25, 2027**. Failure to do so will result in dismissal without prejudice pursuant to Civil Local Rule 41(c).

**IT IS HEREBY ORDERED** that Petitioner Waynette Elizabeth Davis's request to proceed *in forma pauperis*, ECF No. 3, is **DENIED**. Davis shall pay the filing fee on or before **January 25, 2027**. Failure to do so will result in dismissal without prejudice for failure to prosecute pursuant to Civil L.R. 41(c).

Dated at Milwaukee, Wisconsin on November 24, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge